**Steve LINDER, Plaintiff—Appellant,**

v.

**AURORA LOAN SERVICES, LLC; et al., Defendants—Appellees.**

**No. 10–16905.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 12, 2012.

Stephen J. Foondos, John Steve Sargetis, Roseville, CA, for Plaintiff–Appellant.

Charles E. Bell, Esquire, Matthew Edward Podmenik, McCarthy & Holthus, LLP, San Diego, CA, Russell G. Gomm, Palmer, Lombardi & Donohue LLP, Los Angeles, CA, Mary Kate Sullivan, Esquire, Severson & Werson, San Francisco, CA, for Defendants–Appellees.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM **

Steve Linder appeals from the district court's judgment dismissing his action arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion the district court's dismissal without leave to amend. *Gordon v. City of Oakland,* 627 F.3d 1092, 1094 (9th Cir.2010). We affirm.

Contrary to Linder's sole contention on appeal, the district court did not abuse its discretion by dismissing Linder's Truth in Lending Act damages claim, Real Estate Settlement Procedures Act claim, and negligence, fraud, and unfair competition claims without leave to amend because amendment was futile. *See id.; see also Janas v. McCracken (In Re Silicon Graphics Sec. Litig.),* 183 F.3d 970, 991 (9th Cir.1999) (no abuse of discretion where plaintiff failed to set forth any facts that could potentially state a claim).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, nor arguments and allegations raised for the first time on appeal. *See Padgett v. Wright,* 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).